IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| IOWA TRIBE OF KANSAS AND NEBRASKA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-cv-00920-EJD<br>Judge Edward J. Damich |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PARTIES' THIRD JOINT STATUS REPORT**

Pursuant to this Court's order dated June 27, 2007, the parties, by and through undersigned counsel, respectfully submit this Joint Status Report and state as follows:

1. On June 27, 2007, the Court ordered the parties to file a joint status report on or before December 12, 2007, informing the Court of the steps taken toward reaching settlement, and ordered a temporary stay of this case until December 26, 2007.

2. Since the filing of this case, Plaintiff's counsel, Brian Leinbach, and Defendant's counsel have agreed that (a) they will continue to explore the possibility of resolving Plaintiff's issues and claims through settlement discussions or alternative dispute resolution (ADR) processes; (b) they will undertake such activities as informal requests and productions of relevant or potentially relevant documents and data, in furtherance of the settlement discussions; and (c) they will continue to seek temporary stays of litigation, thus deferring Defendant's obligation to file its Answer or otherwise respond to the Complaint in this case, as well as the parties' obligations to comply with the requirements of RCFC App. A, among other things, so as to enable and facilitate the parties' informal settlement or ADR discussions.

3. Since June 27, 2007, among other things, Defendant has proposed a settlement

process endorsed by the Intertribal Monitoring Association ("ITMA") and has conducted several conferences explaining the plan. In response, Plaintiff's counsel has submitted to Defendant its detailed proposal concerning the settlement of trust related claims; the parties have begun conferring and exchanging written correspondence about Plaintiff's proposed settlement methodology which is being considered by Defendant. Defendant continues to review and compile documents and data responsive to Plaintiff's informal request; the parties have negotiated, executed, and filed a joint stipulation in Plaintiff's companion case in the United States District Court for the District of Columbia (D.D.C.), regarding confidentiality (a) of certain documents and data to be provided by Defendant to Plaintiff, and (b) of settlement discussions between the parties; the parties are preparing essentially identical joint confidentiality stipulation and proposed order papers for submission to this Court shortly; and the parties are contemplating a series of meetings, conference calls, document and data exchanges, and informational presentations, with and for each other, their counsel, and their experts or consultants, regarding the development and implementation of the proposed settlement methodology to be used to address Plaintiff's trust accounting and trust mismanagement claims in this case, as well as Plaintiff's companion case in the District Court.

4. As noted previously, Plaintiff filed this case on December 28, 2006. See Complaint, Docket (Dkt.). 1. Additionally, it filed a companion case for declaratory and injunctive relief in the United States District Court in D.C., Iowa Tribe of Kansas and Nebraska v. Kempthorne, No. 1:06cv01899-JR (D.D.C.), on November 7, 2006. Plaintiff's allegations in both cases generally relate to the trust accounting and trust mismanagement duties and responsibilities allegedly owed by Defendant to Plaintiff.

5. Plaintiff's undersigned counsel and his co-counsel represent fifteen other tribes with

trust accounting and trust mismanagement cases pending in this Court[1/] and the United States District Court in D.C.[2/] Exh 1. Thus, Plaintiff's counsel are responsible for 32 of the 102 Tribal trust accounting and trust mismanagement cases that have been filed in this Court[3/] and in the various United States District Courts.[4/] Id. Plaintiff, the other 15 Tribes represented by Plaintiff's counsel,

---

[1/] The 16 cases that Plaintiff's counsel have filed or are handling in the Court of Federal Claims are Cheyenne River Sioux Tribe v. United States, No. 06-cv-00915-NBF; Confederated Tribes of the Goshute Reservation v. United States, No. 06-cv-00912-EGB; Crow Creek Sioux Tribe v. United States, No. 05-cv-1383L-MCW; Eastern Shawnee Tribe of Oklahoma v. United States, No. 06-cv-00917-CFL; Iowa Tribe of Kansas and Nebraska v. United States, No. 06-cv-00920-EJD; Lower Brule Sioux Tribe v. United States, No. 06-cv-00922-LB; Muscogee (Creek) Nation of Oklahoma v. United States, No. 06-cv-00918-JFM; Northwest Band of Shoshone Indians v. United States, No. 06-cv-00914-LB; Oglala Sioux Tribe v. United States, No. 05-cv-1378L; Omaha Tribe of Nebraska v. United States, No. 06-cv-00911-MBH; Prairie Band of Potawatomi Indians v. United States, No. 06-cv-00921-LJB; Red Cliff Band of Lake Superior Indians v. United States, No. 06-cv-00923-JPW; Rosebud Sioux Tribe v. United States, No. 06-cv-00924-EGB; Stillaguamish Tribe of Indians v. United States, No. 06-cv-00916-NBF; Winnebago Tribe of Nebraska v. United States, No. 06-cv-00913-MMS; and Wyandot Nation of Kansas v. United States, No. 06-cv-00919-LMB. See Exhibit (Exh.) 1.

[2/] The 16 cases that Plaintiff's counsel have filed or are handling in the District Court are Cheyenne River Sioux Tribe v. Kempthorne, No. 1:06-cv-01897-JR; Confederated Tribes of the Goshute Reservation v. Kempthorne, No. 1:06-cv-01902-JR; Crow Creek Sioux Tribe v. Kempthorne, No. 1:06-cv-00900-JR; Eastern Shawnee Tribe of Oklahoma v. Kempthorne, No. 1:06-cv-02162-JR; Iowa Tribe of Kansas and Nebraska v. Kempthorne, No. 1:06-cv-01899-JR; Lower Brule Sioux Tribe v. Kempthorne, No. 1:05-cv-02495-JR; Muscogee (Creek) Nation of Oklahoma v. Kempthorne, No. 1:06-cv-02161-JR; Northwest Band of Shoshone Indians v. Kempthorne, No. 1:06-cv-02163-JR; Oglala Sioux Tribe v. Kempthorne, No. 1:04cv01126-JR; Omaha Tribe of Nebraska v. Kempthorne, No. 1:04cv00901-JR; Prairie Band of Potawatomi Indians v. Kempthorne, No. 1:05cv02496-JR; Red Cliff Band of Lake Superior Indians v. Kempthorne, No. 1:06-cv-02164-JR; Rosebud Sioux Tribe v. Kempthorne, No. 1:05-cv-02492-JR; Stillaguamish Tribe of Indians v. Kempthorne, No. 1:06-cv-01898-JR; Winnebago Tribe of Nebraska v. Kempthorne, No. 1:05cv02493-JR; and Wyandot Nation of Kansas v. Kempthorne, No. 1:05cv02491-JR. Id.

[3/] Tribal Plaintiffs have filed a total of 56 Tribal trust accounting and trust mismanagement cases in this Court. Id.

[4/] There are presently 37 Tribal trust accounting and trust mismanagement cases in the United States District Court in D.C. and nine cases in the United States District Courts in Oklahoma. Id.

and Defendant are contemplating that they would undertake the joint development of a mutually acceptable settlement methodology that, depending on the results of the implementation in a pilot or test case, could potentially be deployed in all 32 cases, so as to enable settling or otherwise resolving Plaintiff's and the other Tribes' trust accounting and trust mismanagement claims, without protracted litigation.

6. As mentioned above, Plaintiff, its counsel, and its consultants have prepared and submitted a proposed settlement methodology to Defendant for review and comment. Defendant, its counsel, and its consultants have been and continue to be reviewing and preparing a response to Plaintiff's proposed settlement methodology. Defendant is planning to provide its written response to Plaintiff on December 21, 2007.

7. In conjunction with the informal settlement discussion process, the parties have established a process for informal document and data production. Plaintiff has submitted an informal document and data request to Defendant. Defendant has begun providing to Plaintiff copies or images of or access to certain non-privileged documents and data responsive or relating or potentially relating to Plaintiff's trust accounting and trust mismanagement issues and claims. Among other items, Defendant has produced to Plaintiff the results and supporting materials relating to the results of the Tribal trust fund reconciliation project, conducted by the Department of the Interior ("Interior") (through its contractor, Arthur Andersen, LLP), for the 1972-1992 period of Plaintiff's trust accounts. Further, Defendant is planning to provide Plaintiff with a common set of transaction data relating to Plaintiff's trust accounts for the 1972-1992 period (Common Dataset). Additionally, Defendant is proposing to conduct a detailed briefing and explanation for Plaintiff's counsel and consultants regarding the Tribal trust fund reconciliation project, the Common Dataset, and other materials.

Also, the parties foresee the possibilities of other document and data requests and productions and of settlement meetings and work sessions.

8. To enable further informal document and data production, especially the provision of confidential materials by Defendant to Plaintiff, and to ensure the confidentiality of their settlement or ADR processes, the parties have negotiated the terms and conditions of joint stipulations and proposed orders regarding confidentiality (a) of certain documents and data to be provided by Defendant to Plaintiff, and (b) of settlement discussions between the parties, which they have filed in Plaintiff's companion case in the United States District Court in D.C. and which they are preparing to file in this case shortly. Among other things, Defendant is preparing a draft joint motion and proposed order to temporarily lift the stay of litigation in this case, which will request the Court's review, approval, and entry of the joint confidentiality stipulations and corresponding protective orders. Once Defendant has prepared the draft joint motion and joint stipulation papers, it will submit them to Plaintiff for review and comment. Upon agreement regarding the papers, the parties will jointly execute and submit the papers to the Court for consideration. Upon the entries of the joint confidentiality stipulations by this Court and the United States District Court, Defendant will be able to provide to Plaintiff those confidential documents and data that respond to or are relevant or potentially relevant to Plaintiff's informal document and data request.

9. To date, the parties have made progress in their efforts to determine the possibility of resolving Plaintiff's issues and claims, without the need for extended litigation. At the same time, however, the parties require time to continue and complete their settlement or ADR and informal document production processes.

Respectfully submitted this 12th day of December, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ Brian J. Leinbach, by s/ Kevin J. Larsen pursuant to written authorization provided on December 12, 2007*
BRIAN J. LEINBACH
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310) 552-9434

Attorney of Record for Plaintiff

*s/ Kevin J. Larsen*
KEVIN J. LARSEN
United States Department of Justice
Environment Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0258
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL

PATRICIA A. MARKS
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Tel: (410) 489-4553
Fax: (301) 854-5117

WALTER J. LACK
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310) 552-9434

GREGORY A. YATES
16830 Ventura Blvd, Suite 250
Encino, CA 91436
Tel: (310) 858-6944
Fax: (818) 905-7038

OF COUNSEL:

ANTHONY P. HOANG
MAUREEN E. RUDOLPH
United States Department of Justice
Environment Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0479
Fax: (202) 353-2021

GLADYS ORR COJOCARI
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227