IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| IOWA TRIBE OF KANSAS AND NEBRASKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06cv00920 |
| | ) | Chief Judge Edward J. Damich |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PARTIES' FOURTH JOINT STATUS REPORT**

On February 1, 2008, the Court issued an order in this case, granting the parties' joint motion for extension of the temporary stay of litigation, to and including May 1, 2008, and directing the parties to file, on or before May 1, a joint status report

that shall discuss the following in extensive detail:

(1) Progress of settlement discussions, with specific dates and locations of meetings and the results thereof;

(2) Specific examples of the exchange of documents significant to settlement negotiations;

(3) The status of proceedings in this matter's companion case in the United States District Court for the District of Columbia, *Iowa Tribe of Kansas and Nebraska v. Kempthorne,* No. 1:06-cv-1899-JR (D.D.C.).

(4) The status of similar actions in the United States Court of Federal Claims in which Plaintiff's counsel is involved.

See Order dated February 1, 2008, Docket (Dkt.) 19. The parties hereby respectfully submit the following joint status report, pursuant to the Order.

## I. Background and Summary

1. Plaintiff filed this case on December 28, 2006. Dkt. 1. Plaintiff filed a parallel and companion case for declaratory and injunctive relief in the United States District Court for the District of Columbia (D.C.) on November 7, 2006. Plaintiff's allegations in both cases generally relate to trust accounting and trust management duties and responsibilities allegedly owed by Defendant to Plaintiff.

2. In addition to Plaintiff and Plaintiff's two cases, Plaintiff's counsel represents 15 other Tribes and has brought or is maintaining similar trust accounting and trust mismanagement cases on behalf of those Tribes. Thus, Plaintiff's counsel has a total of 32 trust accounting and trust mismanagement cases pending in this Court and the United States District Court in D.C., on behalf of 16 Tribes or Indian entities.[1] Except for

---

[1] The trust accounting and trust mismanagement cases in this Court are Cheyenne River Sioux Tribe v. United States, No. 06-cv-00915-NBF; Confederated Tribes of the Goshute Reservation v. United States, No. 06-cv-00912-EGB; Crow Creek Sioux Tribe v. United States, No. 05-cv-1383L-MCW; Eastern Shawnee Tribe of Oklahoma v. United States, No. 06-cv-00917-CFL; Iowa Tribe of Kansas and Nebraska v. United States, No. 06-cv-00920-EJD; Lower Brule Sioux Tribe v. United States, No. 06-cv-00922-LB; Muscogee (Creek) Nation of Oklahoma v. United States, No. 06-cv-00918-JFM; Northwest Band of Shoshone Indians v. United States, No. 06-cv-00914-LB; Oglala Sioux Tribe v. United States, No. 05-cv-1378L; Omaha Tribe of Nebraska v. United States, No. 06-cv-00911-MBH; Prairie Band of Potawatomi Indians v. United States, No. 06-cv-00921-LJB; Red Cliff Band of Lake Superior Indians v. United States, No. 06-cv-00923-JPW; Rosebud Sioux Tribe v. United States, No. 06-cv-00924-EGB; Stillaguamish Tribe of Indians v. United States, No. 06-cv-00916-NBF; Winnebago Tribe of Nebraska v. United States, No. 06-cv-00913-MMS; and Wyandot Nation of Kansas v. United States, No. 06-cv-00919-LMB.

The trust accounting and trust mismanagement cases in the United States District Court are Cheyenne River Sioux Tribe v. Kempthorne, No. 1:06-cv-01897-JR; Confederated Tribes of the Goshute Reservation v. Kempthorne, No. 1:06-cv-01902-JR; Crow Creek Sioux Tribe v. Kempthorne, No. 1:06-cv-00900-JR; Eastern Shawnee Tribe of Oklahoma v. Kempthorne, No. 1:06-cv-02162-JR; Iowa Tribe of Kansas and Nebraska v. Kempthorne, No. 1:06-cv-01899-JR; Lower Brule Sioux Tribe v. Kempthorne, No. 1:05-cv-02495-JR; Muscogee (Creek) Nation of Oklahoma v. Kempthorne, No. 1:06-cv-02161-JR; Northwest Band of Shoshone Indians v. Kempthorne, No. 1:06-cv-02163-JR; Oglala Sioux Tribe v. Kempthorne, No. 1:04cv01126-JR;

this case and Eastern Shawnee Tribe of Oklahoma v. United States, No. 06-cv-00917-CFL, all of the cases brought or maintained by Plaintiff's counsel in this Court have been stayed by order until July 3, 2008. Similarly, all of the cases brought or maintained by Plaintiff's counsel in the United States District Court in D.C. (without exception) have been stayed by order until July 3.

3. As detailed below, Plaintiff and Defendant have been and continue to be engaged in a process to explore and determine jointly the possibility of settling or otherwise resolving the 16 Tribes' claims and issues in the Tribal trust accounting and trust mismanagement litigation, without the need for protracted litigation. The parties have taken significant steps to achieve their goal.

4. The parties agree that, this case and the other 31 cases involve the same counsel, consultants and experts; these cases present many similar factual and legal trust accounting and trust mismanagement issues and claims; involve the same principally affected federal agencies; and implicate the same types of documents and data stored at some of the same locations or generated by some of the same sources. As such, the parties believe it is sensible to negotiate and implement, if possible, a common approach for addressing Plaintiff's and the other Tribes' issues and claims. Further, the parties have agreed to select and use the Muscogee (Creek) Nation and the Oglala Sioux Tribe as the pilot Tribes for testing the feasibility of the common approach, after it has been developed and finalized. After the parties have determined the feasibility of the common

---

Omaha Tribe of Nebraska v. Kempthorne, No. 1:04cv00901-JR; Prairie Band of Potawatomi Indians v. Kempthorne, No. 1:05cv02496-JR; Red Cliff Band of Lake Superior Indians v. Kempthorne, No. 1:06-cv-02164-JR; Rosebud Sioux Tribe v. Kempthorne, No. 1:05-cv-02492-JR; Stillaguamish Tribe of Indians v. Kempthorne, No. 1:06-cv-01898-JR; Winnebago Tribe of Nebraska v. Kempthorne, No. 1:05cv02493-JR; and Wyandot Nation of Kansas v. Kempthorne, No. 1:05cv02491-JR.

approach, they propose to implement the approach, on a rolling basis, to the 14 other Tribes, including Plaintiff. Thus, the parties have been and continue to be devoting their discussions, efforts, and energies to date, including but not limited to their informal document and data requests and productions, on the trust funds and non-monetary trust assets or resources of the Muscogee (Creek) Nation and the Oglala Sioux Tribe.

## II. Progress of Settlement Discussions, With Specific Dates and Locations of Meetings and Results Thereof

5. As projected in the parties' third joint status report (see Dkt. 13, ¶ 6), Defendant has provided its comments and initial response to Plaintiffs' proposed settlement methodology on December 20, 2007. Thereafter, counsel conferred and agreed to convene a meeting that would include the parties' consultants; enable the Interior Department to make presentations to Plaintiff's counsel and contractors about relevant information; and allow the parties to discuss various settlement-related topics. Further, they negotiated and agreed upon an agenda for the meeting.

6. On February 25-29, 2008, the parties conducted their meeting at the offices of Plaintiff's counsel in Los Angeles, California. In attendance were counsel for Plaintiffs and Defendant, their respective consultants, attorneys from the Solicitor's Office of the United States Department of the Interior, and representatives of the Office of the Special Trustee for American Indians (OST) and the Office of Historical Trust Accounting.

7. During the meeting, OHTA and its contractors conducted presentations to Plaintiff's counsel and consultants about (a) the analyses, results, and supporting documentation of the Interior Department's Tribal trust fund reconciliation project (TRP), for the 1972-1992 period, as they related to the pilot Tribe, the Muscogee (Creek)

Nation; (b) the Common Dataset, which is OHTA's compilation of transaction data for the Muscogee (Creek) Nation's trust accounts for the 1972-2006 period; (c) OHTA's data completeness validation procedures report for the 1972-1995 account transaction data; (d) the current organization, structure, and management of OST; and (e) OST's views about determining and evaluating historical Tribal trust investment performance. Defendant had provided the Common Dataset and the data completeness validation procedures report for the Muscogee (Creek) Nation to Plaintiff's counsel in December, 2007.

8. Counsel for Plaintiffs conducted presentations to Defendant and its representatives describing, generally, the nature of the Tribes' claims and their need for particular documents/data which, in their view, is necessary for the evaluation of claims and the computation of damages.

9. Accordingly, during the meeting, the parties discussed, among other things, the types of documents and data that are relevant or potentially relevant to the settlement or ADR discussions; the possible locations and availability of those documents and data for review and production; and the use of outside mediators or third-party neutral evaluators in the settlement or ADR process.

10. In particular, the parties agreed that (a) Plaintiff and the other Tribes would focus their data requests, at this stage, on specific types of documents and records that have been generated or kept by Defendant as part of its management of the trust fund accounts and non-monetary trust assets of Plaintiff and the 15 other Tribes; and (b) the parties would request and produce documents and/or data, on a rolling basis, relating to the designated pilot Tribes, in response to the Tribes' requests. Further, the parties agreed that, after they had tested and verified the feasibility of this informal document

request and production process for the pilot Tribes, they would apply the same process (adjusted to whatever extent necessary or relevant) to the other informal document and data productions for the remaining Tribes.

11. In response to the request of Plaintiff and the other Tribes, Defendant expressed willingness and openness to use the services of a mediator or third-party neutral evaluator in the settlement or ADR process. Plaintiff proposed two possible mediators, as well as provided some background materials, for Defendant's consideration. Defendant agreed to research and evaluate Plaintiff's mediator proposals and also to present its own proposals to Plaintiff for review. Plaintiff's counsel advised that he will soon be providing an updated proposed settlement methodology concerning the calculation of alleged damages for Defendant's consideration and the parties' further discussion.

## III. Specific Examples of Exchange of Documents Significant To Settlement Negotiations

12. To date, Defendant has made document and data productions that total approximately 132,353 images (12,584 documents) and that include electronic databases, all of which relate to Plaintiff and the 15 other Tribes, about general policy matters as well as Tribe-specific topics. Plaintiff's counsel and consultants have been and continue to be reviewing the document images.

13. Specifically, on March 10, 2007, Defendant produced 8,671 images (2,082 documents) relating to the TRP analyses and results for Plaintiff and for several of the other Tribes represented by Plaintiff's counsel. Additionally, Defendant furnished the Tribes or the Tribes' counsel with copies of the TRP analyses, results, and supporting documentation (in electronic formats) for others of the Tribes in April, June, and

November, 2006, and on March 24, 2007. Further, Defendant provided Plaintiff's counsel with replacement copies of the TRP materials for the Muscogee (Creek) Nation on October 13, 2007. The total counts of these productions total in the tens of thousands of images and documents.

14. On March 26, 2007, Defendant produced 40,408 images (1,575 documents), in response to an informal request by Plaintiff's counsel. Further, Defendant noted the existence of other documents and data that could be produced to Plaintiff's counsel only under appropriate confidentiality protective orders of the Courts in this and the other 31 cases. As part of this production, Defendant provided information about the types of available documents and certain of the record-keeping systems and data storage procedures of the Interior Department. Additionally, Defendant provided information about the location of record repositories that may contain documents that may be relevant or potentially relevant to the issues and claims presented by Plaintiff and the other Tribes. Defendant offered to make the requisite arrangements for Plaintiff's counsel and consultants to search the Interior Department's Box Index and Search System (BISS) database and identify appropriate boxes for inspection at the American Indian Records Repository (AIRR).

15. On February 1, 2008, this Court entered an order that had been jointly proposed by the parties for the protection of the confidentiality of settlement or ADR discussions. Dkt. 20. Also, on February 1, the Court entered an order (which it corrected on February 4) that had been jointly proposed by the parties for the protection of the confidentiality of certain documents and data to be provided by Defendant to Plaintiff. Dkts. 21 and 22.

16. Given the applicability and responsiveness of certain confidential documents and data to Plaintiff and the other Tribes represented by Plaintiff's counsel, the parties needed appropriate confidentiality document and data confidentiality protective orders entered by the Courts in all 32 cases, before Defendant could produce the confidential materials.

17. On or about March 4, 2008, the United States District Court for D.C. approved and entered, by minute order, the jointly stipulated document and data confidentiality protective order, in the last of the 32 cases brought by Plaintiff's counsel. Accordingly, Defendant is preparing for production to Plaintiff's counsel, as soon as possible, 25,768 images (1,508 documents), in response to Plaintiff's informal request. Defendant's productions (and those to follow) include transaction data about the operation and management of the trust accounts of Plaintiff and the other Tribes.

18. On April 3 and 7, 2008, counsel for Plaintiff and the 15 other Tribes made two additional informal requests for documents and data. Plaintiff's counsel also identified the Oglala Sioux Tribe as the second pilot Tribe for testing the viability of the proposed common approach. Defendant is currently evaluating these requests and plans to respond to them shortly. Further, Defendant expects to present Plaintiff's counsel with its own informal set of document and data requests in the near future.

19. The parties are currently planning to conduct a follow-up meeting on May 15 and 16, 2008, in Lenexa, KS, if possible, to discuss such matters as status, timing, scheduling, and logistics of their informal discovery efforts and document reviews and inspections. Further, the parties are planning to discuss various approaches for addressing the trust accounting and trust fund mismanagement claims of Plaintiff and the

15 other Tribes represented by Plaintiff's counsel, including the forthcoming methodological proposals of Plaintiff and the other Tribes.

**IV. Status of Proceedings in Plaintiff's Companion Case, *Iowa Tribe of Kansas and Nebraska v. Kempthorne*, No. 1:06-cv-1899-JR (D.D.C.)**

20. On December 19, 2007, the United States District Court in D.C. denied the motion for remand and temporary stay that Defendant had filed in Iowa Tribe, No. 1:06-cv-1899, and the 36 other pending Tribal trust and trust mismanagement cases, in August, 2007, at the direction of the Court. Further, the Court ordered Plaintiff and the other Tribes to submit status reports on or before January 18, 2008, proposing next steps or proceedings in the cases. Plaintiff and the other Tribes represented by Plaintiff's counsel proposed that the litigation of their cases be temporarily stayed until July 3, 2008, so that the parties can continue in settlement or ADR discussions, and that the parties submit a joint status report on July 3. On April 11, 2008, the Court approved and entered Plaintiff's proposal by minute order.

21. On April 29, 2008, Plaintiff and the other Tribes represented by Plaintiff's counsel joined in the motions for record retention or document preservation orders filed by the Ak-Chin Indian Community, the Passamaquoddy Tribe of Maine, the Salt River-Pima Maricopa Indian Community, and the Tohono O'odham Nation, in their cases. See Ak-Chin Indian Community v. Kempthorne, No. 06cv02245-JR; Passamaquoddy Tribe of Maine v. Kempthorne, No. 06cv02240-JR; Salt River Pima-Maricopa Indian Community v. Kempthorne, No. 06cv02241-JR; and Tohono O'odham Nation v. Kempthorne, No. 06cv02236-JR. Defendant intends to oppose these motions.

## IV. The Status of Similar Actions in the United States Court of Federal Claims In Which Plaintiff's Counsel Is Involved

22. As stated above, all of the cases in this Court and in the United States District Court in D.C. have been stayed temporarily by court order on the parties' joint motions until July 3, 2008, except for this case and Eastern Shawnee Tribe, No. 06-cv-00917-CFL, so that the parties can continue their settlement or ADR discussions and process.

23. In Eastern Shawnee, the Court conducted a joint status conference after the parties filed a motion for extension of the temporary stay of litigation and issued an order on January 28, 2008, lifting the temporary stay and ordering the Tribe "to show cause as to why the case should not be dismissed in light of the jurisdictional issue raised by 28 U.S.C. § 1500". Plaintiff responded to the Court's order on March 28, 2008. Defendant's response to Plaintiff's showing is due May 2, 2008, and Plaintiff's reply is due May 23, 2008.

## VI. CONCLUSION

24. As demonstrated above, the parties have made diligent and notable progress in their joint process to explore and determine the possibility of settling or otherwise resolving, without further litigation, the trust accounting and trust mismanagement issues and claims of Plaintiff's and the 15 other Tribes represented by Plaintiff's counsel. Nonetheless, they still have additional work and processes to undertake. Therefore, the parties intend to request, by separate joint motion, that the Court extend the temporary stay of litigation, so that they can devote their time, energies, and limited resources to their continuing effort to resolve this case and the 31 other cases,

through settlement or ADR, in as sound and efficient a manner as possible.

Respectfully submitted this 1st day of May, 2008,

*/s/ Brian J. Leinbach, by*
*/s/Michael D. Thorp, pursuant to written*
*authorization on May 1, 2008*
BRIAN J. LEINBACH
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107
P.O. Box 663
Tel: (310) 552-3800
Fax: (310) 552-9434
Email: bleinbach@elllaw.com

Attorney of Record for Plaintiff

RONALD J. TENPAS
Assistant Attorney General

*/s/ Michael D. Thorp*
MICHAEL D. THORP
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0456
Fax: (202) 353-2021
Email: michael.thorp@usdoj.gov

Attorney of Record for Defendant

OF COUNSEL:

PATRICIA A. MARKS
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Tel: (410) 489-4553
Fax: (301) 854-5117

WALTER J. LACK
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310) 552-9434

GREGORY A. YATES
16830 Ventura Blvd, Suite 250
Encino, CA 91436
Tel: (310) 858-6944
Fax: (818) 905-7038

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021
Email: anthony.hoang@usdoj.gov

GLADYS ORR COJOCARI
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227