# In the United States Court of Federal Claims

No. 06-920 L
(Filed: November 17, 2011)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| **IOWA TRIBE OF KANSAS AND NEBRASKA,** | \* | |
| | \* | 28 U.S.C. § 1500; *Tohono O'Odham* |
| Plaintiff, | \* | *Nation*; RCFC 12(b)(1); subject |
| | \* | matter jurisdiction; Indian trust claim; |
| v. | \* | substantially the same operative facts |
| | \* | |
| **THE UNITED STATES,** | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Brian J. Leinbach*, Engstrom, Lipscomb & Lack, Los Angeles, CA, for Plaintiff.

*Michael D. Thorp*, Trial Attorney, Natural Resources Section, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, for Defendant.

───────────────

## OPINION

───────────────

**DAMICH**, Judge:

Plaintiff Iowa Tribe of Kansas and Nebraska ("Plaintiff" or "Tribe") filed this case on December 28, 2006, seeking damages for the United States' alleged mismanagement of the Tribe's trust funds and resources. On November 7, 2006, Plaintiff had filed a similar complaint in the United States District Court for the District of Columbia ("District Court") seeking to compel the United States to provide a complete historical accounting of Plaintiff's trust assets. There is no question that, absent the District Court suit, this Court would have jurisdiction over Plaintiff's claims under the Tucker Act, 28 U.S.C. § 1491 (2006), and the Indian Tucker Act, 28 U.S.C. § 1505 (2006). The issue is whether 28 U.S.C. § 1500 (2006), which provides that this Court "shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the [Government]," operates to deprive this Court of jurisdiction.

The Court finds that Plaintiff's claim for damages arising out of the mismanagement of its trust assets is based on substantially the same operative facts as its District Court claim for an equitable accounting of the same trust assets. Because the two suits arise out of the same acts of alleged mismanagement and breaches of duty, the Court concludes that the suits are for or in respect to the same claim. Because it is undisputed that the District Court suit was pending at the time this case was filed, the Court must grant the Government's motion to dismiss for lack of jurisdiction.

## I.      Background

The United States, through the Department of the Interior's Bureau of Indian Affairs ("BIA"), maintains trusts for the benefit of various Native American tribes. The BIA manages and administers the trusts, which hold tribal land and resources, and any funds derived therefrom, for the benefit of each tribe. The Tribe is the beneficial owner of land and natural resources within its Reservation, which is located in Kansas and Nebraska. Compl. ¶15. The United States holds the land and natural resources, as well as certain monies and other assets, in trust for the Tribe. *Id.*

On November 7, 2006, Plaintiff filed a complaint[1] in the District Court seeking to compel the Government to provide a complete historical accounting of the Tribe's trust assets. On December 28, 2006, the Tribe file this suit seeking damages for the Government's mismanagement of its trust assets.[2] On February 22, 2007, the Court granted the parties' joint motion for a stay pending developments relating to accounting issues in the District Court case. Order, Feb. 22, 2007; Jt. Mot. for Stay, Feb. 21. 2007. The four-month stay was extended a number of times, until the Government raised the issue of subject matter jurisdiction in June 2011. The Court lifted the stay to determine whether it had jurisdiction, and the parties briefed the issue.

On June 14, 2011, the Government filed a Motion to Dismiss under Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims. The Government contends that, under § 1500 and *United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723 (2011), the United States Court of Federal Claims ("CFC") lacks subject matter jurisdiction over the Plaintiff's suit because it is "for or in respect to" claims pending before the District Court. According to the Government, "two suits are for or in respect to the same claim," precluding jurisdiction in the CFC, if they are "based on substantially the same operative facts, regardless of the relief sought in each suit." Def.'s Mot. Dismiss at 1.

Plaintiff responds that its two suits are not based on "substantially the same operative facts" because its District Court suit is to compel a complete and accurate historical accounting

---

[1] *See Iowa Tribe of Kansas and Nebraska v. Kempthorne*, No. 06-CV-1899 (D.D.C. Nov. 7 2006).

[2] Around this time, numerous other Native American Tribes were filing similar lawsuits in the district courts and the CFC. *See Tohono O'Odham Nation v. United States*, 79 Fed. Cl. 645, 646 (2007), *rev'd*, 559 F.3d 1284 (Fed. Cir. 2009), *rev'd*, 131 S. Ct. 1723 (2011) (the Supreme Court affirmed the CFC decision).

of the Tribe's trust fund, while this suit is for money damages resulting from the Government's mismanagement of the Tribe's land and resources.  Plaintiff argues that § 1500 is not applicable because the District Court claim is focused on the "narrowly defined duty to provide a historical accounting of trust activity," while this case is focused on breaches of completely different trust duties.  Pl.'s Resp. at 5, 7.

## II.     Discussion

### A.     *Tohono* Clarified the Meaning of the Phrase "For or in Respect to the Same Claim" in § 1500

Congress has prohibited this Court from exercising jurisdiction over a claim when a plaintiff has filed and "has pending"[3] another lawsuit "for or in respect to" the same claim in another court.  That jurisdictional bar is set forth in § 1500, which provides that, "The [CFC] shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the [Government]."  Section 1500 does not define the broad terms which it contains.  As relevant here, the statute does not define what it means for two lawsuits to be "for or in respect to" the same claim.  The proper interpretation and application of this phrase is the issue presented in this case.

In *Tohono*, the Supreme Court recently resolved what it means for two suits to be "for or in respect to" the same claim.  "Two suits are for or in respect to the same claim, precluding jurisdiction in the CFC, if they are based on substantially the same operative facts, regardless of the relief sought in each suit."  *Tohono*, 131 S. Ct. at 1731.  As the Court explained, "An interpretation of § 1500 focused on the facts rather than the relief a party seeks preserves the provision as it was meant to function, and it keeps the provision from becoming a mere pleading rule, to be circumvented by carving up a single transaction into overlapping pieces seeking different relief."  *Id.* at 1730.

In affirming the CFC's dismissal of the plaintiff's suit, the *Tohono* Court agreed that the two actions were substantially the same.  The actions alleged that the United States held the same assets in trust.  They also were predicated on "almost identical" breaches of fiduciary duties by the United States, including self-dealing, imprudent investment, and failure to provide an accurate accounting.  *Id.* at 1731.  The Court noted that the plaintiff "could have filed two identical complaints, save the caption and prayer for relief, without changing either suit in any significant respect."  *Id.*  The Court found that "the substantial overlap in operative facts" precluded the CFC from exercising jurisdiction over the case.  *Id.*

### B.     The Tribe's Two Lawsuits Are Based on Substantially the Same Operative Facts

---

[3] The Supreme Court has made clear that § 1500 prohibits this Court from having jurisdiction over "the claim of a plaintiff who, upon filing [in the CFC], has an action pending in any other court 'for or in respect to' the same claim."  *Keene v. United States*, 508 U.S. 200, 209 (1993).  It is undisputed that Plaintiff's District Court case was pending at the time this case was filed.

Because the District Court suit was filed and was pending at the time Plaintiff filed this complaint, the Court must dismiss Plaintiff's claims if the operative facts substantially overlap with the operative facts of its District Court claims.  Although Plaintiff's District Court suit is directed to the "narrow" issue of obtaining an accounting and this suit is directed towards breaches of other trust duties, Plaintiff cannot avoid § 1500 by requesting different relief or by carving up a claim into separate pieces.  Section 1500 is not a pleading rule.  *Tohono*, 131 S. Ct. at 1730.  Though the Tribe's complaints are not identical, they allege the existence of substantially the same fiduciary duties and substantially the same breaches of those duties.  A comparison of the complaints shows that that in both suits Plaintiff is seeking redress for the same, ongoing allegedly unlawful action.

Both complaints allege the Government holds the same assets in trust and that the Government controls and manages the trust property and resources.  Compl. ¶¶15, 16, 19; District Court Compl. ¶¶8, 9, 12.  In the complaints, the Tribe alleges that the Government has similar fiduciary duties.  The Tribe alleges that the Government has a duty to create trust accounts for the Tribe's funds, to keep accurate records of trust assets, and to provide regular, periodic accountings.  Compl. ¶¶23-24; District Court Compl. ¶¶15-16.  Both complaints allege that the United States has other fiduciary duties as well, including the obligation to collect all contractual payments, rents, and other compensation due to the Tribe; to maintain adequate internal controls; to refrain from self-dealing in managing the trust; and to ensure the Tribe's property is protected, preserved, and managed to produce the highest and best return to the Tribe.  Compl. ¶¶22-24; District Court Compl. ¶¶15-16.

In both complaints, the Tribe makes similar allegations of breaches of duty.  The Tribe alleges that the Government has failed to maintain adequate accounting records and books; that the Government has lost records; and that the Tribe has never received a full, accurate, or timely accounting of the trust assets.  Compl. ¶¶26, 27; District Court Compl. ¶¶18, 21.  In both complaints the Tribe alleges the Government's ongoing mismanagement of the assets has resulted in known losses but the true extent of the losses is unknown because the Government has not provided an accounting.  Compl. ¶¶26-27; District Court Compl. ¶21.  The two complaints do contain some unique, ancillary facts and allegations relevant to the relief requested.  The CFC complaint contains allegations relating to the Government's breach of other fiduciary obligations to the Tribe.  *See* Compl. ¶¶22-28, 41.  The District Court complaint, on the other hand, contains elaborations on the Government's failure to properly account for the Tribe's assets and resources.  District Court Compl. ¶¶17-19.

Plaintiff's complaints contain some differences, but the test under § 1500 is not whether complaints are not identical, but whether the lawsuits are "based on substantially the same operative facts."  A plaintiff can trigger § 1500's jurisdictional bar even if its two complaints request completely different relief.  The Court finds that in both suits Plaintiff is seeking redress for injuries arising from the same transaction or occurrence: the Government's ongoing mismanagement of the Tribe's trust assets.  Therefore, the Court finds that this suit is based on substantially same operative facts as Plaintiff's District Court suit.[4]  Accordingly, this suit is "for

---

[4] The Court notes that most other Judges who recently have considered motions to dismiss under § 1500 based on similar facts have reached the same conclusion.  *See, e.g., Winnebago Tribe of Nebraska*

or in respect to" the same claim pending in the Tribe's District Court suit, thereby barring this Court's jurisdiction.

### III.     Conclusion

For the reasons set forth above, the Government's Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED**.  The Clerk is directed to dismiss the Plaintiff's complaint.

s/ Edward J. Damich
EDWARD J. DAMICH
Judge

---

*v. United States*, -- Fed. Cl. --, 2011 WL 5042385, *5 (Oct. 25, 2011); *Omaha Tribe of Nebraska v. United States*, -- Fed. Cl. --, 2011 WL 4793244, *4, *7 (Oct. 07, 2011).